IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ALLSTATE INDEMNITY COMPANY                                                                    PLAINTIFF

v.                                              Case No. 1:18-cv-1002

RANDALL SIMS, MELISSA BAAL, and
BETTY GAMBLE                                                                                 DEFENDANTS

## ORDER

Before the Court is the parties' Joint Motion to Dismiss. (ECF No. 22). The Court finds the matter ripe for consideration.

On January 3, 2018, Plaintiff Allstate Indemnity Company commenced the instant interpleader action. Plaintiff seeks the assistance of the Court in determining the individual or individuals entitled to the proceeds of a renter's insurance policy, number 000985857607 (hereinafter, "the Policy"), issued by Plaintiff to Debra and Richard Jeanes (respectively, "Mrs. Jeanes" and "Mr. Jeanes"). On August 13, 2016, while the Policy was in full force and effect, a fire loss occurred at Mrs. Jeanes' home, resulting in a total loss to the insured premises and the death of Mrs. Jeanes, the sole living named insured at the time.[1]

Defendants Betty Gamble, Randall Sims, and Melissa Baal—Mrs. Jeanes' mother, brother, and sister—all claimed entitlement to the proceeds made available under the Policy as a result of the loss. Plaintiff contends that, under the terms of the Policy, it can only make payment to a "legal representative" of a deceased insured. However, Plaintiff asserts that no Defendant had been appointed to act on behalf of Mrs. Jeane's estate at the time this action was commenced. Accordingly, there are disputes as to which person or party is entitled to the insurance benefits in question.[2]

---

[1] Mr. Jeanes predeceased Mrs. Jeanes.

[2] Defendant Gamble failed to file an answer within twenty-one days of being served, and on April 12, 2018, the Court entered default judgment against her, finding that she is precluded from claiming entitlement to any of the proceeds made available pursuant to the Policy.

In the instant motion, Plaintiff states that, subsequent to the commencement of this action, Defendant Sims was appointed as the Special Administrator of Mrs. Jeanes' estate. Since that time, Plaintiff states that the parties have entered into negotiations and have agreed that by issuing payment of $54,409.09 to Defendant Sims, as the Special Administrator of Mrs. Jeanes' estate, Plaintiff will have satisfied its obligations pursuant to the terms of its renter's coverage. Accordingly, the parties ask that the Court order Plaintiff to issue payment to Defendant Sims in the amount of $54,409.09, and that, upon making that payment, this action be dismissed with prejudice, barring any further claims against Plaintiff arising from the fire loss on August 13, 2016.

Pursuant to Federal Rule of Civil Procedure 41(a)(2), an action may be dismissed by court order on terms the court considers proper. Accordingly, the parties' Joint Motion to Dismiss (ECF No. 22) is hereby **GRANTED**. Plaintiff's claims in this matter are **DISMISSED WITH PREJUDICE**, subject to the terms of the parties' settlement agreement. Plaintiff is ordered to issue payment of $54,409.09 to Defendant Sims within thirty (30) days of the date of entry of this Order, thereby satisfying all obligations pursuant to policy number 000985857607 arising from the fire loss on August 13, 2016.

If any party desires that the terms of settlement be a part of the record therein, those terms should be reduced to writing and filed with the Court within thirty (30) days of the entry of this judgment. The Court retains jurisdiction to vacate this Order and to reopen this action upon cause shown that the settlement has not been completed and further litigation is necessary.

**IT IS SO ORDERED**, this 15th day of May, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge